First Appellate Department, December Term, 1904. Reported.
99 App. Div. 410.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS F. CAMP-
BELL, Relator, *v.* JOHN N. PARTRIDGE, Police Commissioner of
the Police Department of the City of New York, Respondent.

Removal of a New York city policeman for misconduct—When the police
commissioner is not rendered incompetent to try him because of the
expression of opinions as to his guilt—Certiorari—Practice as to
securing a return and as to what may be returned—A reference to
take proof is improper—When affidavits and additional proof may
be received.

The fact that the police commissioner of the city of New York, prior to
the trial before him of a policeman, charged with the offense of gambling
in a saloon while on duty, discussed the case with the police captain who
had preferred the charge, and stated to the accused patrolman's counsel
that his client was guilty of the charge, does not deprive the police com-
missioner of jurisdiction to preside at the trial of the accused patrolman.

The fact that the petition for a writ of certiorari to review the action of
the commissioner in dismissing the accused patrolman from the force after
having adjudged, upon the evidence given at the trial, that he was guilty
of the charges preferred against him, sets forth the conversation which
took place prior to the trial, in which the police commissioner expressed
to the counsel for the accused patrolman his belief in the latter's guilt,
does not, in the absence of a specific requirement to that effect in the writ,
require the police commissioner in the return to the writ to set forth such
conversation.

If, in such a case, the relator deems it important that the return shall
show whether the police commissioner made the statement attributed to
him in the petition he should apply for an order directing the police com-
missioner to make a further return.

The practice of appointing a referee to take proof as to the alleged
conversation, and of requiring the police commissioner, after the referee
has reported to the court that the alleged conversation actually took place,
to make a further return consisting of a copy of the referee's opinion, is
illegal and unauthorized.

Section 2139 of the Code of Civil Procedure, allowing "either party to
produce affidavits or other written proofs, relating to any alleged error of
fact or any other question of fact which is essential to the jurisdiction of
the body or officer to make the determination to be reviewed," applies only
where the court is satisfied that the facts cannot be made to appear by an
order for a further return.

Per Ingraham and Laughlin, JJ.; Van Brunt, P. J., and Hatch, J., con-
curred in result; Patterson, J., dissented.

CERTIORARI issued out of the Supreme Court and attested on
the 29th day of December, 1902, directed to John N. Partridge,

police commissioner of the police department of the city of New York, commanding him to certify and return to the office of the clerk of the county of New York all and singular his proceedings had in relation to the dismissal of the relator from the police force of the police department of the city of New York.

*Louis J. Grant,* for the relator.

*T. Farley,* for the respondent.

INGRAHAM, J.: The relator was charged with neglect of duty in (1) being absent from post and sitting at a table in a liquor saloon in company with other patrolmen, throwing dice for money at four a. m., August 20, 1902; and (2) in being in this saloon at or about four a. m. on August 20, 1902, and failing to arrest the person in charge for a violation of the Liquor Tax Law. This charge was made by Captain O'Reilly of the fifth precinct and came on for trial before the police commissioner on the 27th day of August, 1902. On application of the relator the trial was adjourned until the next day. Upon the trial Captain O'Reilly testified that on the morning of August twentieth, while on duty, he went into this saloon, following a citizen who entered the saloon by a side door; that he saw in this saloon in a box at the end of the bar the relator, with three other officers throwing dice; that there was money on the table in front of the officers, and the captain seized the money, put it in his pocket and the officers jumped up and three of them made their escape through the front door of the box; that the captain seized one of the officers, not the relator, and held him; that this officer told the captain that the other men were Officers Heartt, Campbell and Quigley; that the amount that was on the table was twenty-three dollars in bills and five dollars and eighty cents in silver, and the captain produced the money and the box and dice; that the captain then, with the officer, placed the bartender under arrest and brought them to the station house. The captain positively identified the relator as one of the officers who were throwing dice in this saloon. The relator testified that he was not in the saloon on the night in question, and other witnesses were produced to corroborate his testimony. Upon this evidence the commissioner found this relator and the other officers found by the captain in this saloon guilty and dismissed them from the force.

There is no question but that the evidence justified the decision of the commissioner, and that the commissioner had jurisdiction to hear the charges, to convict the relator and to dismiss him from the force. The case is brought here, however, upon what is called an "additional return to the writ of certiorari," and because of this so-called additional return and the facts therein stated, the relator asks us to reverse the conviction and restore him to the force.

The relator appeared before the commissioner by counsel, who conducted the trial on his behalf. The petition for the writ alleges that upon the day the relator was required to appear for trial his counsel had a consultation with the police commissioner, in which the police commissioner stated substantially that the patrolmen, referring to the relator and the three other officers against whom charges had been made, were guilty of the charges, and that their counsel knew that they were guilty, and that he as counsel could not help them, and that it would be useless for counsel to request an adjournment as the police commissioner would not grant it. To this the relator's counsel answered that he did not believe that these officers were guilty, and was very much surprised that the commissioner should have come to the conclusion that they were guilty before he had heard the evidence. To this the commissioner replied that he would believe Captain O'Reilly in preference to these officers against whom charges had been made and fifty others. The petition further alleges that the police commissioner was biased and prejudiced, and practically adjudged the petitioner guilty of the said charges before any testimony was taken, and was, because of his bias, partiality and prejudice, incompetent to pass upon the petitioner's guilt or innocence. This allegation in the petition was not answered by the return, but there is annexed to the record an order of the Special Term which recites that a motion had been made to require the police commissioner to make a further return as to whether or not the conversation between the relator's counsel and the police commissioner, as set out in the return, was true, and also whether, prior to the trial of the relator and the three other offi- cers, the commissioner discussed with Captain O'Reilly, the com- plainant, the case of the defendant, or whether or not the said O'Reilly told the respondent of the facts surrounding the charges against the defendant before they were tried, and this motion com- ing on to be heard, an order was entered appointing a referee to

take such testimony as might be produced by the respective parties therein upon the question of fact arising on the motion and directing the referee to report the same with his opinion. The referee having filed a report, and the relator having moved for an order confirming the report, and granting a motion theretofore made for a further return, it was ordered that the report of the referee be confirmed, and that the police commissioner "do make and file a further and additional return to the writ of certiorari herein, which said return shall consist of a true and correct copy of the opinion of the said referee." In pursuance of this order the police commissioner returned the opinion and report of the referee. This opinion states that the commissioner was examined before the referee, and while he stated that he did not remember some of the statements made by counsel for the relator as to this interview, there was in fact no contradiction of the evidence given by the relator's counsel as to the conversation. The report of the referee annexed to the return found as a fact that the commissioner expressed surprise that the relator's counsel was counsel for these officers charged and said to the counsel: "You need not ask for an adjournment, because I know these men are guilty and you know it, too," to which the counsel replied in substance: "What possible chance have these men for a fair trial if you say, before you hear them or their witnesses, that they are guilty, and that I, their counsel, know they are guilty?" In the course of said conversation the police commissioner said that he would believe Captain Miles O'Reilly against these defendants in preference to fifty policemen; and on several occasions prior to the trial of the relator and his three codefendants the police commissioner discussed with the said Miles O'Reilly, the complainant, the case against the said defendants and was made acquainted by the said O'Reilly with the facts and circumstances surrounding the charges against said defendant.

Under the charter of the city of New York the police commissioner is the only official who can dismiss a policeman from the force. (Laws of 1901, chap. 466, § 302.) As police commissioner it is his duty to have knowledge of the condition of the force, the qualifications of the police officers, the way in which they discharge their duties, and certainly the fact that in the discharge of his duty he has acquired knowledge of derelictions on the part of police officers could not disqualify him from hearing the charges

30

and determining whether or not an officer was guilty. To hold that under such circumstances the police commissioner was disqualified would prevent him from dismissing from the force any officer who was notoriously guilty of such offenses as would require his dismissal. The more guilty an officer was, and the more notorious his guilt, the more certainly would the police commissioner be disqualified to try him and the more secure the officer in his position. Whatever knowledge the police commissioner had, he could only convict an officer where the testimony taken before him in the presence of the officer justified the conviction; but the fact that he had knowledge of the guilt of the officer, acquired because of his familiarity with the police force, certainly did not disqualify him from convicting the officer if the charges were proved; and if knowledge of the proof of the officer's guilt would not disqualify him, the fact that he stated to the counsel for the officer charged that he had knowledge of his guilt would not disqualify him. While a deputy commissioner would have a right to preside at the trial he could not dismiss the officer from the force. Nor does the fact that the commissioner had discussed with the police captain the charges against these officers before the trial disqualify him from presiding at the trial. It was the duty of the police commissioner to inform himself of all facts in relation to the police force, and to receive the reports of the various captains as to the conduct of the men under them; and the fact that the police captain reported to his superior officer that he had discovered four men of the force violating their duty could, upon no principle, disqualify the commissioner from subsequently passing upon the guilt of the men about whom the captain had reported. I have read over all of this testimony, and the effect that it has produced is that I am quite satisfied with the decision arrived at by the commissioner, and think he was fully justified in finding these officers guilty, and, as I view it, there is nothing in these facts as reported by the referee to justify the court in overturning his judgment, based upon the evidence taken before him, and in restoring the relator to duty.

But in my opinion the proceedings taken in this case to bring these facts before the court were entirely irregular and not justified by the provisions of the Code of Civil Procedure. Section 2127 of the Code of Civil Procedure provides that an application for a writ of certiorari must be made on an affidavit or a verified petition. Section 2134 provides that each person upon whom a writ

of certiorari is served must make and annex to the writ, or to the copy thereof served upon him, a return with a transcript annexed, and certified by him, of the record or proceedings, and a statement of the other matters specified in and required by the writ. Section 2138 provides for a hearing, which, except as prescribed in section 2139, "must be heard upon the writ and return, and the papers upon which the writ was granted." Section 2139 provides as follows: "If the officer or other person, whose duty it is to make a return, dies, absconds, removes from the State, or becomes insane, after the writ is issued, and before making a return, or after making an insufficient return, and it appears that there is no other officer or person from whom a sufficient return can be procured by means of a new certiorari, the court may, in its discretion, permit affidavits, or other written proofs, relating to the matters not sufficiently returned, to be produced, and may hear the cause accordingly." This provision does not apply, because a further return could be required from the police commissioner. (Code Civ. Proc. § 2135.) Section 2139 then provides: "The court may also, in its discretion, permit either party to produce affidavits, or other written proofs, relating to any alleged error of fact, or any other question of fact, which is essential to the jurisdiction of the body or officer, to make the determination to be reviewed, where the facts in relation thereto are not sufficiently stated in the return, and the court is satisfied that they cannot be made to appear, by means of an order for a further return." This proceeding was not authorized by the above provision. The writ issued did not specifically require the commissioner to return his conversation with counsel for the relator prior to the formal proceedings, or to state whether or not he had had conversations with Captain O'Reilly in relation to these charges before the trial. By the writ the commissioner was required to make and return "all and singular the act, acts and proceedings by you had in the premises, and all affidavits, proceedings and things before you, together with your action, decision and proceedings in the premises of the removal of Thomas F. Campbell, heretofore a member of the police force of the Police Department of the City of New York, at or in any way or manner relating thereto with this writ." The police commissioner, in answer to this writ, made the return required of him; and the fact that there was in the petition a statement of these conversations about which the writ did not require a return did not justify the

court in adding this opinion and report to the return. If the relator had wished to compel the police commissioner to return these conversations that he had with the relator's counsel, the writ should have specifically directed such a return, and that could have been compelled by the court upon the proper motion. But there is nothing in the provisions of the Code of Civil Procedure that justifies a return of the opinion and report of the referee as a further return.

The provisions of section 2139 of the Code of Civil Procedure, to which attention has been called, justify the court in permitting either party to produce affidavits or other written proofs relating to any alleged error of fact, or any other question of fact which is essential to the jurisdiction of the body or officer to make the determination to be reviewed. This right to present affidavits or other proof is limited to a fact which affects the jurisdiction of the body or officer whose action is sought to be reviewed. Now, nothing that was proved before the referee affected the jurisdiction of the commissioner. His right to try these cases is provided for by the charter, and his jurisdiction is unquestionable. What the relator apparently wishes to show is that the commissioner was so prejudiced against the relator that the relator did not have a fair trial. But that was not a question of jurisdiction. Nor was there any difficulty in requiring by the writ, if the relator was entitled to it, a return by the police commissioner as to whether or not he had made the statements alleged in the petition. It is only where the court is satisfied that the facts cannot be made to appear by means of an order for a further return that it is authorized to permit affidavits or other proof to be supplied. This provision was plainly intended to apply where the jurisdiction of the body or officer whose proceedings were sought to be reviewed was affected by some extrinsic fact which was not a part of the proceedings before him, and about which he could not make a return. But even then it is only the affidavits or other proofs that are to be annexed to the return, and not the report or opinion of the referee as to these facts.

The Code of Civil Procedure provides a very simple method of reviewing proceedings of bodies or officers by a writ of certiorari. The writ must direct the return that is to be made. The bodies or officers whose proceedings are to be reviewed must make the return required by the writ. The court has ample power to compel a further return in case the original return is insufficient, but

it is upon the writ and return, and the papers upon which the writ was granted, that the questions are to be determined, and it is only so far as is allowed by section 2139 of the Code of Civil Procedure that any other proof can be considered upon the final hearing. There was no question presented in this case which justified the court in doing more than to require the police commissioner to make the return required by the writ, and upon the final hearing it is only the return required by the writ that we are justified in considering. In this case I think the relator was convicted upon competent testimony; that no rule of law was violated; that the commissioner had jurisdiction to hear and determine the case, and that nothing is shown to justify the court in reversing the proceeding.

It follows that the writ must be dismissed and the proceedings affirmed, with costs.

LAUGHLIN, J., concurred; VAN BRUNT, P. J., and HATCH, J., concurred in result; PATTERSON, J., dissented.

Writ dismissed and proceedings affirmed, with costs.